UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK MILLER,                          No. 2:11-cv-00257-MCE-DAD

          Plaintiff,

     v.                               **MEMORANDUM AND ORDER**

GMAC MORTGAGE, LLC; QUICKEN
LOANS INCORPORATED; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; and DOES 1 through 50,
inclusive,

          Defendants.


                    ----oo0oo----


     Through this action, Plaintiff Mark Miller ("Plaintiff")

seeks redress for the alleged deceit and negligence of Defendants

GMAC Mortgage, LLC ("GMAC"), Quicken Loans Inc. ("Quicken"), and

Mortgage Electronic Registration Systems, Inc. ("MERS")

(collectively "Defendants") in connection with a home mortgage

transaction.  There are two matters presently before the Court.

///

///

1

First, on February 2, 2011, Defendants GMAC and MERS filed an Amended Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  (ECF No. 10.)   Plaintiff has not filed a timely opposition to that motion.  Second, on February 17, 2011, Quicken filed a separate Motion to Dismiss pursuant to Rule 12(b)(6).  (ECF No. 12.)   Plaintiff did file a timely opposition to Quicken's motion to dismiss.  (ECF No. 15.) For the reasons set below, both motions are granted.[2]

**BACKGROUND**[3]

The instant dispute arises out of an alleged mortgage transaction between Plaintiff and Quicken.  In December 2007, Plaintiff spoke with Suren Srabian ("Srabian"), a mortgage broker employed by Quicken, about purchasing real property.  Plaintiff allegedly provided Srabian with his financial information so that Srabian could complete Plaintiff's loan application.  Although Plaintiff's actual monthly income was $6,083.33, Srabian allegedly listed Plaintiff's income on the application as $8,125.00.

---

[1] All subsequent references to 'rule' or 'rules' are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint (ECF No. 1) unless otherwise specified.

2

1   As a result, Plaintiff's monthly income on the mortgage

2 application was inflated by $2,041.66.  Based on the application,

3 Quicken agreed to issue a loan to Plaintiff.

4     On January 11, 2008, Plaintiff signed the loan documents in

5 the presence of a notary, who was sent to Plaintiff's home by

6 Quicken to execute the documents.  Quicken, and/or Srabian,

7 purportedly did not explain the terms of the loan, and did not

8 counsel Plaintiff to read the documents carefully.  Plaintiff

9 further claims that he was rushed when signing the loan

10 documents, and did not have an adequate opportunity to read them.

11 Srabian and Quicken allegedly guaranteed that the loan would

12 become more affordable as Plaintiff's salary increased, and that

13 the loan could later be refinanced.

14     Plaintiff alleges that GMAC is currently the servicer of the

15 subject loan, and that MERS is the beneficiary on the deed of

16 trust.  Although Plaintiff alleges that Defendants have initiated

17 collection proceedings, and threatened foreclosure, Plaintiff

18 does not allege that foreclosure proceedings have actually been

19 instituted.  In its pending motion to dismiss, Quicken asserts

20 that Plaintiff is current on his payments, and that foreclosure

21 proceedings have not been initiated.

22

23                           **STANDARD**

24

25     On a motion to dismiss for failure to state a claim under

26 Rule 12(b)(6), all allegations of material fact must be accepted

27 as true and construed in the light most favorable to the

28 nonmoving party.

1  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.

2  1996).  Rule 8(a)(2) requires only "a short and plain statement

3  of the claim showing that the pleader is entitled to relief," to

4  "give the defendant fair notice of what the...claim is and the

5  grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>,

6  550 U.S. 544, 555 (2007) (internal citations and quotations

7  omitted).  Although "a complaint attacked by a Rule 12(b)(6)

8  motion" need not contain "detailed factual allegations, a

9  plaintiff's obligation to provide the 'grounds' of his

10  'entitlement to relief' requires more than labels and

11  conclusions, and a formulaic recitation of the elements of a

12  cause of action will not do."  <u>Id.</u> at 555 (<u>quoting</u> <u>Papasan v.

13  Allain</u>, 478 U.S. 265, 2869 (1986)).  A plaintiff's "factual

14  allegations must be enough to raise a right to relief above the

15  speculative level."  <u>Id.</u> (<u>citing</u> 5 C. Wright & A. Miller, <u>Federal

16  Practice and Procedure</u> § 1216 (3d ed. 2004) ("[T]he pleading must

17  contain something more...than...a statement of facts that merely

18  creates a suspicion [of] a legally cognizable right of

19  action.")).

20      Further, "Rule 8(a)(2)...requires a 'showing,' rather than a

21  blanket assertion, of entitlement to relief.  Without some

22  factual allegation in the complaint, it is hard to see how a

23  claimant could satisfy the requirements of providing ...grounds

24  on which the claim rests."  <u>Twombly</u>, 550 U.S. at 555 n.3

25  (internal citations omitted).  A pleading must therefore contain

26  "enough facts to state a claim to relief that is plausible on its

27  face."  <u>Id.</u> at 570.

28  ///

4

1  If the "plaintiffs...have not nudged their claims across the line
2  from conceivable to plausible, their complaint must be
3  dismissed." Id.

4       Once the court grants a motion to dismiss, they must then
5  decide whether to grant a plaintiff leave to amend.  Rule 15(a)
6  authorizes the court to freely grant leave to amend when there is
7  no "undue delay, bad faith, or dilatory motive on the part of the
8  movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
9  leave to amend is generally only denied when it is clear that the
10 deficiencies of the complaint cannot possibly be cured by an
11 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
12 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
13 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
14 not be dismissed under Rule 12(b)(6) unless it appears beyond
15 doubt that the plaintiff can prove no set of facts in support of
16 his claim which would entitle him to relief.") (internal
17 citations omitted).

18
19                              **ANALYSIS**
20      **A.    Motion To Dismiss By GMAC And MERS**
21
22      On February 4, 2011, GMAC and MERS filed the pending Amended
23 Motion to Dismiss for failure to state a claim upon which relief
24 can be granted pursuant to Rule 12(b)(6).  Plaintiff has not
25 filed a timely opposition to that motion as is required by Local
26 Rule 230(c).  As a result, the amended motion to dismiss filed by
27 GMAC and MERS is granted with leave to amend.
28 ///

                                   5

**B.    Motion To Dismiss By Quicken**

On February 17, 2011, Quicken filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff has filed a timely opposition to Quicken's motion to dismiss. However, after consideration of the merits of the motion, the Court concludes that Quicken's motion to dismiss is also granted.

**1.    Deceit**

Under California law, a claim for deceit is essentially a allegation of fraud, and a plaintiff must prove the following elements: (1) misrepresentation; (2) "knowledge of falsity;" (3) intent to defraud; (4) justifiable reliance; and (5) "resulting damage."  <u>City Solutions, Inc. v. Clear Channel Comm.</u>, 365 F.3d 835, 839 (9th Cir. 2004).  In addition, any claim for fraud must additionally meet the heightened pleading requirements of Rule 9(b), which requires that a party must "state with particularity the circumstances constituting fraud or mistake."

Plaintiff alleges that Defendants are liable for deceit presumably based on allegedly false statements made to Plaintiff by broker Suren Srabian.  However, Plaintiff does not allege specifically what statements are at issue, or when and where they were made.  Because Plaintiff has not pled the underlying facts alleged to constitute deceit with sufficient particularity, Quicken's motion to dismiss as to this cause of action is granted.

6

## 2.   Civil Conspiracy

Plaintiff alleges in his Second Cause of Action that Defendants are liable for civil conspiracy.  Civil conspiracy is not an independent tort in California.  Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 823 (Cal. Ct. App. 2005).  Instead, it is a legal doctrine making each member of a conspiracy jointly liable for an underlying tort. Id.  The Court fails to follow Plaintiff's reasoning as to why any claim for civil conspiracy should stand, and therefore, Defendant's Motion to dismiss as to this cause of action is granted with leave to amend.

## 3.   Negligence

Plaintiff asserts negligence as its Third Cause of Action. The existence of duty is the threshold element of a negligence cause of action.  Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (Cal. Ct. App. 2003).  A lender does not generally owe a duty of care to a borrower unless it exceeds the scope of a its "conventional role as a mere lender of money."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).  However, a court may conclude that a "mere lender" owes a duty of care after balancing the following factors:

///
///
///
///

(a) the extent to which the transaction was intended to affect the plaintiff; (b) the foreseeability of harm to him; (c) the degree of certainty that the plaintiff suffered injury; (d) the closeness of the connection between the defendant's conduct and the injury suffered; (e) the moral blame attached to the defendant's conduct; and (f) the policy of preventing future harm.  Id. at 1098.

In the instant case, Plaintiff alleges that Srabian misstated Plaintiff's income on the loan application, and that Quicken issued a loan knowing that the application misstated Plaintiff's monthly income.  Plaintiff alleges no facts to suggest that Quicken's actions exceeded the conventional role of a mere lender.  As a result, it is necessary to consider the Nymark factors.  The subject transaction was likely intended to affect Plaintiff.  Plaintiff may have obtained the loan based on the inflated monthly income listed in the application.  Similarly, harm to Plaintiff may have been foreseeable, because it is less likely that Plaintiff could afford the loan payments given his actual income.

However, it is far from certain that Plaintiff suffered injury caused by Quicken's allegedly negligent acts, because foreclosure proceedings have not been initiated against Plaintiff.  Further, given that it is not certain that Plaintiff has suffered any cognizable injury, the closeness of the connection between Defendants' conduct and the injury weighs against finding a duty.  As a result, the Court concludes that the facts as pled in the Complaint do not support a finding that Quicken owed Plaintiff a duty of care.

1    Plaintiff contends that Watkinson v. Mortgageit Inc. offers
2   authority for finding a duty of care in the instant case.
3   However, Watkinson does not alter the Court's analysis as it is
4   distinguishable and non-binding on this Court.  In Watkinson, a
5   lender overstated a borrower's income and the value of the
6   property in a loan application.  No. 10-cv-327-IEG (BLM), 2010 WL
7   2196083 (S.D. Cal. June 1, 2010).  The court held that a lender
8   "arguably owed [borrower] a duty of care in processing
9   [borrower's] loan application."  Id. at *8.  Like the instant
10  case, the court reasoned that the transaction was intended to
11  affect the borrower, and that the harm was foreseeable.  Id.
12  However, the lender in Watkinson had initiated foreclosure
13  proceedings.  Id.  Because Quicken has not initiated foreclosure
14  proceedings in the instant case, the Nymark factors do not
15  similarly weigh in favor of finding that Quicken owed Plaintiff a
16  duty of care.  Given that the facts as pled do not establish a
17  duty of care, Quicken's motion to dismiss is granted as to this
18  cause of action with leave to amend.
19
20              **4.   Breach of Fiduciary Duty**
21
22    Plaintiff purports to state a claim for breach of fiduciary
23  duty as its Fourth Cause of Action.  However, a lender does not
24  owe a fiduciary duty to a borrower.  Smith v. Home Loan Funding,
25  Inc., 192 Cal. App. 4th 1331, 1335 (Cal. Ct. App. 2011).  In
26  contrast, a mortgage broker does owe a fiduciary duty to a
27  borrower.  Id.  In the instant case, Plaintiff alleges only that
28  Quicken acted as a lender.  (See Compl. ¶ 3.)

                                9

Because Plaintiff has not provided any evidence that Quicken acted as a broker in the subject mortgage transaction, Quicken does not owe a fiduciary duty to Plaintiff under the facts as pled.  As a result, Quicken's motion to dismiss Plaintiff's Fourth Cause of Action is granted.

### 5.   Violations of Business and Professions Code § 17200 et seq.

As his Fifth Cause of Action, Plaintiff asserts that Defendants' conduct constituted "unfair and/or fraudulent business practices, as defined by California Business and Professions Code § 17200 et seq." (Compl. ¶ 122.)  However, beyond the bare assertion that Defendants engaged in unfair and/or fraudulent business practices, the Complaint does not include any specific factual allegations in support of the cause of action.  Moreover, Plaintiff does allege a violation of any specific section of the California Business and Professions Code. As a result, Plaintiff has not provided Quicken with fair notice of his claim as required by Rule 8(a) and <u>Twombly</u>.  Consequently, Quicken's motion to dismiss is granted as to Plaintiff's Fifth Cause of Action.

### 6.   Declaratory and Injunctive Relief

Plaintiff expressly concedes that dismissal of the Sixth Cause of Action against Quicken for declaratory and injunctive relief is appropriate.  As a result, Plaintiff's sixth Cause of Action against Quicken is dismissed without leave to amend.

**CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss (ECF Nos. 10 & 12.) are GRANTED with leave to amend, except Plaintiff's Sixth Cause of Action is dismissed without leave to amend as to Defendant Quicken.   Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.   If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

DATED: April 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11