UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK MILLER,                                No. 2:11-cv-00257-MCE-DAD

         Plaintiff,

    v.                                      MEMORANDUM AND ORDER

GMAC MORTGAGE, LLC; QUICKEN
LOANS INCORPORATED; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC; and DOES 1
through 50, inclusive,

         Defendants.

                            ----oo0oo----


    Through this action, Plaintiff Mark Miller ("Plaintiff")

seeks redress for the alleged deceit and negligence of Defendants

GMAC Mortgage, LLC ("GMAC"), Quicken Loans Inc. ("Quicken"), and

Mortgage Electronic Registration Systems, Inc. ("MERS")

(collectively "Defendants") in connection with a home mortgage

transaction.  There are two matters presently before the Court.

///

///

///

1

1    First, on May 31, 2011, Defendants GMAC and MERS filed a Motion

2    to Dismiss Plaintiff's First Amended Complaint for failure to

3    state a claim upon which relief can be granted pursuant to

4    Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF

5    No. 24.)  Plaintiff has filed a Statement of Non-Opposition to

6    that Motion.  (ECF No. 29.)  Second, on May 31, 2011, Defendant

7    Quicken filed a separate Motion to Dismiss Plaintiff's First

8    Amended Complaint pursuant to Rule 12(b)(6).  (ECF No. 27.)

9    Plaintiff also filed a timely opposition to Quicken's Motion to

10   Dismiss.  (ECF No. 34.)  For the reasons set forth below, both

11   motions are granted.[2]

12

13                          **BACKGROUND**[3]

14

15       As discussed in the Court's previous Order (ECF No. 20), the

16   instant dispute arises out of an alleged mortgage transaction

17   between Plaintiff and Quicken.  In December 2007, Plaintiff spoke

18   with Suren Srabian ("Srabian"), a mortgage broker employed by

19   Quicken, about purchasing real property.  Plaintiff provided

20   Srabian with his financial information so that Srabian could

21   complete Plaintiff's loan application.

22

23   ────────────────

24       [1] All further references to "Rule" or "Rules" are to the
     Federal Rules of Civil Procedure unless otherwise noted.

25       [2] Because oral argument will not be of material assistance,
26   the Court orders this matter submitted on the briefs.  E.D. Cal.
     Local Rule 230(g).

27       [3] The factual assertions in this section are based on the
28   allegations in Plaintiff's First Amended Complaint (ECF No. 21)
     unless otherwise specified.

                               2

Although Plaintiff's actual monthly income was $6,083.33, Srabian allegedly listed Plaintiff's income on the application as $8,125.00.  As a result, Plaintiff's monthly income on the mortgage application was inflated by $2,041.66. Based on the application, Quicken agreed to issue a loan to Plaintiff.

On January 11, 2008, Plaintiff signed the loan documents in the presence of a notary, who was sent to Plaintiff's home by Quicken to execute the documents.  Quicken, and/or Srabian, did not explain the terms of the loan, and did not counsel Plaintiff to read the documents carefully.  Plaintiff claims that he was rushed when signing the loan documents, and did not have an adequate opportunity to read them.  Srabian and Quicken allegedly guaranteed that the loan would become more affordable as Plaintiff's salary increased, and that the loan could later be refinanced.

Plaintiff alleges that GMAC is currently the servicer of the subject loan, and that MERS is the beneficiary on the deed of trust.  While Plaintiff alleges that he has suffered damages because he cannot afford his loan, Plaintiff does not allege that he is in default or that foreclosure proceedings have actually been instituted.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

1  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir.
2  1996).  Rule 8(a)(2) requires only "a short and plain statement
3  of the claim showing that the pleader is entitled to relief" in
4  order to "give the defendant fair notice of what the [...] claim
5  is and the grounds upon which it rests."  Bell Atl. Corp. v.
6  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,
7  355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6)
8  motion to dismiss does not require detailed factual allegations.
9  However, "a plaintiff's obligation to provide the grounds of his
10 entitlement to relief requires more than labels and conclusions,
11 and a formulaic recitation of the elements of a cause of action
12 will not do."  Id. (internal citations and quotations omitted).
13 A court is not required to accept as true a "legal conclusion
14 couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct.
15 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual
16 allegations must be enough to raise a right to relief above the
17 speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles
18 Alan Wright & Arthur R. Miller, Federal Practice and Procedure
19 § 1216 (3d ed. 2004) (stating that the pleading must contain
20 something more than "a statement of facts that merely creates a
21 suspicion [of] a legally cognizable right of action.")).

22      Furthermore, "Rule 8(a)(2)...requires a showing, rather than
23 a blanket assertion, of entitlement to relief."  Twombly,
24 550 U.S. at 556 n.3 (internal citations and quotations omitted).
25 Thus, "[w]ithout some factual allegation in the complaint, it is
26 hard to see how a claimant could satisfy the requirements of
27 providing not only 'fair notice' of the nature of the claim, but
28 also 'grounds' on which the claim rests."

                                    4

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party...carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."

///

///

///

1  <u>Intri-Plex Techs. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056 (9th

2  Cir. 2007) (citing <u>In re Daou Sys., Inc.</u>, 411 F.3d 1006, 1013

3  (9th Cir. 2005); <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d

4  1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the

5  amendment of the complaint...constitutes an exercise in

6  futility....")).

7

8                                **ANALYSIS**

9

10     **A.    Motion to Dismiss by GMAC and MERS**

11

12     On May 31, 2011, GMAC and MERS filed the pending Motion to

13  Dismiss for failure to state a claim upon which relief can be

14  granted pursuant to Rule 12(b)(6).  Plaintiff has filed a

15  Statement of Non-Opposition to that Motion.  As a result, the

16  Motion to Dismiss filed by MERS and GMAC is granted.

17

18     **B.    Motion to Dismiss by Quicken**

19

20     On May 31, 2011, Quicken filed a Motion to Dismiss pursuant

21  to Rule 12(b)(6) for failure to state a claim upon which relief

22  can be granted.  Plaintiff has filed a timely opposition to

23  Quicken's Motion to Dismiss.  However, after consideration of the

24  merits of the Motion, the Court concludes that Quicken's Motion

25  to Dismiss is also granted.

26  ///

27  ///

28  ///

1       **1.   Deceit**

2

3          Under California law, a claim for deceit is essentially an
4   allegation of fraud, and a plaintiff must prove the following
5   elements: (1) misrepresentation; (2) "knowledge of falsity;" (3)
6   intent to defraud; (4) justifiable reliance; and (5) "resulting
7   damage." <u>City Solutions, Inc. v. Clear Channel Comm.</u>, 365 F.3d
8   835, 839 (9th Cir. 2004).  Furthermore, to recover for fraud, a
9   plaintiff must "distinctly allege" the injury or damage suffered.
10  <u>Stephenson v. Argonaut Ins. Co.</u>, 125 Cal. App. 4th 962, 974
11  (2004).  In addition, any claim for fraud must additionally meet
12  the heightened pleading standards of Rule 9(b), which require a
13  party to "state with particularity the circumstances constituting
14  fraud or mistake."

15         Plaintiff alleges that Quicken is liable for deceit based on
16  allegedly false statements made to Plaintiff by broker Srabian.
17  While Plaintiff has amended his complaint to include somewhat
18  more detailed facts regarding the allegedly false statements,
19  Plaintiff has again failed to specifically allege the injury or
20  damage he has suffered.  Plaintiff claims that he is unable to
21  afford, and is unable to refinance his loan.  Plaintiff further
22  alleges that he has "suffered, and will continue to suffer,
23  damages, the exact amount of which have not been fully
24  ascertained." (Pl.'s 1st Am. Compl., 11:8, ECF No. 21.)
25  However, no foreclosure proceedings have been initiated against
26  Plaintiff.  Plaintiff has not alleged that he has defaulted on
27  his loan.
28  ///

Accordingly, it is unclear that Plaintiff has actually suffered any "resulting damage" as required to bring a claim for deceit. If Plaintiff has in fact suffered any actual injury, he has failed to plead these damages with the requisite specificity.

Because Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b), and has failed to distinctly allege any cognizable damage, Quicken's Motion to Dismiss is granted as to Plaintiff's first cause of action.

> **2. Civil Conspiracy, Negligence, Breach of Fiduciary Duty, and Violations of the California Business and Professional Code § 17200**

Plaintiff's First Amended Complaint also alleges that Quicken is liable for Civil Conspiracy, Negligence, Breach of Fiduciary Duty, and for violating the California Business and Professional Code § 17200.  These claims are identical to Plaintiff's causes of action in his original Complaint.  (See ECF No. 1.)  As such, Plaintiff's second, third, fourth and fifth causes of action are dismissed.  See the Court's previous order (ECF No. 20) dismissing Plaintiff's Complaint for the Court's analysis as to these causes of action.

///
///
///
///
///
///
///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendant Quicken's Motion to Dismiss (ECF No. 27) is GRANTED with leave to amend.  Additionally, because Plaintiff does not oppose dismissal of his claims against GMAC and MERS, their Motion to Dismiss (ECF No. 24) is GRANTED with leave to amend. Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date of the Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: August 5, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE